IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CT-3276-D

JOHNNY CALVIN OLLIS, )
)
Plaintiff, )
)
v. ) **ORDER**
)
JOHNNY HAWKINS, et al., )
)
Defendants. )

On October 4, 2018, Johnny Calvin Ollis ("Ollis" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. On April 12, 2019, Magistrate Judge Numbers denied Ollis's motion for appointment of counsel, conducted an initial review of the complaint, and recommended dismissal of Ollis's supervisory liability, improper processing of grievances, retaliation, and deliberate indifference claims [D.E. 4].[1] On May 21, 2019, Ollis objected to the M&R [D.E. 7]. On June 26, 2019, Ollis moved to amend his complaint [D.E. 8].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

---

[1] Ollis seeks reconsideration of his motion for appointment of counsel. See Objs. [D.E. 7] 20. The court rejects in part the M&R's denial for appointment of counsel, and appoints NCPLS to assist Ollis with conducting discovery pursuant to Standing Order 20-SO-1.

The court has reviewed the M&R, the record, and Ollis's objections. As for Ollis's objection to the dismissal of any supervisory liability claim against defendants Johnny Hawkins and Angelo Wiggins, the court is satisfied that there is no clear error on the face of the M&R and the record. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Thus, the court dismisses Ollis's supervisory liability claim and defendants Hawkins and Wiggins.

As for Ollis's objection to the dismissal of his claims regarding improper processing of grievances, retaliation, and deliberate indifference, Ollis restates arguments in his complaint, provides conclusory assertions, and his objections do not meaningfully address the M&R. Compare M&R [D.E. 4] 6–10, with Objs. [D.E. 7] 5–10, 13–18. In any event, Ollis's objections fail. Thus, the court dismisses these claims without prejudice. To the extent that Ollis has raised other objections, the court has considered them and overrules them as meritless.

As for Ollis's objection to the M&R's failure to address his Americans with Disabilities Act ("ADA") claim, see Objs. at 10–13, Ollis alleges that shortly after he was transferred to Nash Correctional Institution, defendant Williams assigned him to a dormitory bunk in violation "of the Director's security alert concerning drug testing and the single cell requirement." Compl. [D.E. 1] 11. Ollis "respectfully reminded [d]efendant Williams of the Director's security alert and his order that he remain housed in a single cell unless an emergency situation required otherwise." Id. at 12. Nonetheless, defendant Williams assigned Ollis to a dormitory bunk, and shortly thereafter "ordered another C.O. to awaken [Ollis] at approximately 10:30 p.m. to have [Ollis] submit to a drug test." Id. at 13. Defendant Webb led Ollis to the staff restroom instead of a private dry cell, also in violation of the security alert. See id. When Ollis questioned defendant Webb, Webb led Ollis to

defendant Williams. See id. Ollis again reminded defendant Williams about the security alert, and defendant Williams "feigned ignorance of the security alerts existence." Id. Approximately an hour and a half later, defendant Williams ordered Ollis to follow defendant Webb into receiving, where no private dry cells existed. See id. at 15. Once in receiving, defendants Webb, Harris, and Tubbs "stared at [Ollis] until [Ollis] mentioned the need for a private dry cell." Id. Ollis again reminded defendants of the security alert. See id. Ultimately, defendants Webb, Harris, and Tubbs placed Ollis in a nonprivate wet cell, and Ollis produced a urine sample. See id. at 16.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA applies to state prisons. See, e.g., Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 208–10 (1998). A plaintiff seeking recovery for violation of the ADA must plausibly allege that (1) he has a disability; (2) he is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) he was excluded from participation in or denied the benefits of such service on the basis of his disability. See, e.g., Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461–62 (4th Cir. 2012); Baird ex rel. Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999); Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1264–65 (4th Cir. 1995). To show that a plaintiff has a disability, he "must prove (1) that he has a physical or mental impairment, (2) that this impairment implicates at least one major life activity, and (3) that the limitation is substantial." Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 254 (4th Cir. 2006); see 42 U.S.C. § 12102(1)(A).

The ADA's retaliation provision makes it unlawful to "discriminate against any individual because such individual . . . made a charge . . . under [the ADA]." 42 U.S.C. § 12203(a); see Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 154 (4th Cir. 2012). To state a retaliation claim

3

under the ADA, a plaintiff must allege that "(1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." Reynolds, 701 F.3d at 154; see Burlington N. & Sante Fe Ry. v. White, 548 U.S. 53, 67–70 (2006); A Soc'y Without a Name v. Virginia, 655 F.3d 342, 350 (4th Cir. 2011).

The court construes Ollis's ADA claim as one for both failure to accommodate and retaliation against defendants Williams, Webb, Harris, and Tubbs. See Compl. 11–17. The court allows this claim to proceed.

As for Ollis's motion to amend his complaint, Ollis seeks to add Patricia Arrington as a defendant based on an incident which occurred on June 10, 2019, approximately eight months after he filed this action. See Mot. [D.E. 8] 2–4. The court assumes without deciding that Ollis may amend as a matter of right and grants the motion. Fed. R. Civ. P. 15(a)(1)(B); see Scinto v. Stansberry, 507 F. App'x 311, 311–12 (4th Cir. 2013) (per curiam) (unpublished); Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1019, 1023–24 (7th Cir. 2013). Ollis's proposed claims against Arrington are unrelated to the claims against the other defendants in this action and arose after Ollis commenced this action. Accordingly, the court dismisses the proposed claims without prejudice. See, e.g., Fed. R. Civ. P. 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997); cf. Germain v. Shearin, 653 F. App'x 231, 234–35 (4th Cir. 2016) (per curiam) (unpublished). Ollis may pursue these claims in a new action.

In sum, the court ADOPTS in part and REJECTS in part the conclusions in the M&R [D.E. 4], OVERRULES in part and SUSTAINS in part Ollis's objections [D.E. 7], GRANTS Ollis's motion to amend [D.E. 8], but DISMISSES the proposed claims without prejudice. Ollis may proceed with his ADA claims for failure to accommodate and retaliation against defendants Williams, Webb, Harris, and Tubbs. The court APPOINTS NCPLS to assist Ollis with conducting

4

discovery in accordance with Standing Order 20-SO-1. The clerk shall continue management of the action pursuant to Standing Order 14-SO-02. If service against any defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service under 28 U.S.C. § 1915(d).

SO ORDERED. This 10 day of February 2020.

                                            JAMES C. DEVER III
                                            United States District Judge